UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARVA R. BELL,

    Plaintiff,

v.

COLEMAN YOUNGER,

    Defendant.

Case No. 26-4007-HLT-BGS

## MEMORANDUM & ORDER ON
## MOTION TO APPOINT COUNSEL

Plaintiff Marva R. Bell filed this action *pro se*, ostensibly alleging legal malpractice. (*See generally* Doc. 1 and 10 attachments thereto.) In conjunction with her federal court Complaint (*id.*), Plaintiff filed a motion to proceed without prepayment of fees (*IFP* motion, Doc. 3), with a supporting financial affidavit (Doc. 3-1). The undersigned Magistrate Judge previously granted *IFP* status to Plaintiff. (Doc. 6.)

After a review of Plaintiffs' Complaint, the undersigned identified certain concerns and thus recommended to the District Court that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction. (Doc. 7.) That report and recommendation remains pending before the District Court.

Plaintiff has now filed a motion requesting the appointment of counsel. (Doc. 11.) For the reasons set forth below, this motion is **DENIED**.

### Motion for Appointment of Counsel

As an initial matter, the Court notes there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir.

1

2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, the Court notes that Plaintiff has been given leave to proceed *in forma pauperis* in this case. (Doc. 6.) This weighs in favor of appointing counsel.

The second factor relates to Plaintiff's diligence in searching for counsel. Plaintiff must show that she has "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). Here, Plaintiff's motion indicates that she has contacted only three attorneys to inquire as to representation, despite the fact that the motion clearly indicates she must confer with (not merely contact) at least five such attorneys. (Doc. 11, at 2-3.) This lack of diligence weighs against Plaintiff's request for appointment of counsel.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. As indicated above, after reviewing Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), the undersigned Magistrate Judge recommended to the District Court that Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction. (*See generally* Doc. 7.) Although this recommendation remains pending before the District Court, this factor weighs against Plaintiff's request for counsel.

Regardless of the potential viability of Plaintiff's claims, the final *Castner* factor will be determinative – Plaintiff's capacity to prepare and present their case without the aid of counsel. 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422.

The Court understands that Plaintiff believes in her legal malpractice claim and believes that she deserves an attorney to represent her. These beliefs, however, do not constitute valid bases for the Court to appoint an attorney.

While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day. In other words, although Plaintiff is not trained as an attorney, this alone also does not warrant appointment of counsel. As such, Plaintiff's Motion for Appointment of Counsel (Doc. 11) is **DENIED**.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (Doc. 11) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 10th day of February, 2026.

/s/ B<small>ROOKS</small> G. S<small>EVERSON</small>
Brooks G. Severson
United States Magistrate Judge